UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV24-1722 |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT**<br>**FOR FORFEITURE *IN REM*** |
| ONE 2022 MERCEDES GLE COUPE<br>SPORT UTILITY VEHICLE,<br>VIN 4JGFD8KB4NA779976,<br>BEARING WASHINGTON LICENSE<br>PLATE CEP2184, REGISTERED TO<br>ANTHONY J. VALELA; AND | |
| $17,721.00 IN U.S. CURRENCY SEIZED<br>ON OR ABOUT JUNE 12, 2023. | |
| Defendants. | |

## I.   NATURE OF THE ACTION

1.      This is a civil action *in rem* for forfeiture of the following property (collectively, the "Defendant Property"):

      a.      One 2022 Mercedes GLE Coupe Sport utility vehicle, VIN 4JGFD8KB4NA779976, bearing Washington license plate CEP2184 (the "Defendant Mercedes"), registered to Anthony J. Valela ("Valela"), seized on or about June 12, 2023, from Valela; and

b.     $17,721.00 in U.S. currency (the "Defendant Currency"), seized on or about June 12, 2023, from Valela.

## II.     LEGAL BASIS FOR FORFEITURE

2.     The Defendant Property is forfeitable pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. § 841(a)(1) (unlawful distribution of controlled substances). Specifically, counsel for the United States has a reasonable belief the government will be able to prove, to a preponderance of the evidence at trial, that the Defendant Property constitutes and/or is traceable to proceeds from the sale of controlled substances.

3.     Additionally, the Defendant Mercedes is forfeitable pursuant to 21 U.S.C. § 881(a)(4) for violations of 21 U.S.C. § 841(a)(1) (unlawful distribution of controlled substances and possession of controlled substances with the intent to distribute). Specifically, counsel for the United States has a reasonable belief the government will be able to prove, to a preponderance of the evidence at trial, that the Defendant Mercedes facilitated the unlawful distribution of, and the possession with the intent to distribute, controlled substances.

4.     The Defendant Mercedes is also forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1957.

## III.     JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (civil action commenced by the United States) and 28 U.S.C. § 1355(a) (action for forfeiture).

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts giving rise to the forfeiture occurred in this district) and 28 U.S.C. §§ 1395(a) and (b) (the Defendant Property was seized in this district).

Verified Complaint for Forfeiture *in Rem* - 2
*United States v. One 2022 Mercedes GLE Coupe, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.      Pursuant to 18 U.S.C. § 981(f), all right, title, and interest in the Defendant Property vests in the United States at the time of the acts giving rise to the forfeiture.

8.      Pursuant to Rule G(2)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), facts in support of a reasonable belief that the United States will be able to meet its burden of proof at trial are as follows and have been verified as set forth in the attached Verification of Federal Bureau of Investigation (FBI) Task Force Officer (TFO), Stephan Knapp.

9.      As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court is required to issue a warrant to arrest the Defendant Property if it is in the government's possession, custody, or control. As such, the Court will have *in rem* jurisdiction over the Defendant Property when the accompanying Warrant of Arrest *In Rem* is issued, executed, and returned to the Court.

## IV.    APPLICABLE STATUTES

10.     Pursuant to 21 U.S.C. § 841(a)(1), it is unlawful to knowingly distribute, or to possess with the intent to distribute, controlled substances.

11.     Pursuant to 21 U.S.C. § 846, it is unlawful to attempt to conspire to commit any offense defined in the same subchapter of Title 21, which includes violations of 21 U.S.C. § 841(a)(1).

12.     Pursuant to 21 U.S.C. § 881(a)(4), "all conveyances, including… vehicles…, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of" controlled substances, which have been distributed, distributed, dispensed, or acquired in violation of the same subchapter of Title 21, are subject to forfeiture to the United States.

13.     Pursuant to 21 U.S.C. § 881(a)(6), "[a]ll moneys, … or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such

Verified Complaint for Forfeiture *in Rem* - 3
*United States v. One 2022 Mercedes GLE Coupe, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

exchange, and all moneys, … used or intended to be used to facilitate any violation" of the same subchapter to Title 21, are subject to forfeiture to the United States.

14.     Pursuant to 18 U.S.C. § 1957(a), it is unlawful to "knowingly engage[] or attempt[] to engage in a monetary transaction in criminally derived property of a value greater than $10,000 [which] is derived from specified unlawful activity . . . ."

15.     Pursuant to 18 U.S.C. § 1957(f)(1), the term "monetary transaction" means "the deposit, withdrawal, transfer, or exchange, in or affecting foreign commerce, of funds or a monetary instrument (as defined in section 1956(c) of this title), by, through, or to a financial institution (as defined in section 1956 of this title), including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title . . . ."

16.     Pursuant to 18 U.S.C. § 1956(c)(4), the term "financial transaction" means "(A) a transaction which in any way or degree affects interstate or foreign commerce (i) involving the movement of funds by wire or other means or (ii) involving one or more monetary instruments, or (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree[.]"

17.     Pursuant to 18 U.S.C. § 1956(c)(6), the term "financial institution" includes "any financial institution, as defined in section 5312(a)(2) of [T]itle 31, United States Code . . ." Pursuant to 31 U.S.C. § 5312(a)(2)(T), the term "financial institution" includes "a business engaged in vehicle sales, including automobile, airplane, and boat sales[.]"

18.     Pursuant to 18 U.S.C. § 981(a)(1)(A), "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property[,]" is subject to civil forfeiture to the United States.

Verified Complaint for Forfeiture *in Rem* - 4
*United States v. One 2022 Mercedes GLE Coupe, et al.*

## V.    FACTS ESTABLISHING FORFEITURE NEXUS

**A.    Law Enforcement Seizes Approximately 20,000 Fentanyl Pills, Approximately 17 Pounds of Methamphetamine, and the Defendant Currency From the Defendant Mercedes.**

19.    On June 12, 2023, at approximately 8:28 a.m., Seattle Police Officers were dispatched to a 911 call of a "down person" in front of Cleveland High School, located at 5511 15 Ave S, Seattle. The initial notes from the call were that there was a male driver asleep in a running vehicle halfway on the curb. SPD Officer Edgar Carbajal Salazar arrived on scene at approximately 8:34 a.m. and observed a purple and blue metallic color shift Mercedes SUV bearing Washington license plate CEP2184 (the Defendant Mercedes) parked with two wheels on the sidewalk and two wheels on the street.

20.    Officers approached the Defendant Mercedes and observed a male driver and female passenger in the vehicle. Officers noted that both subjects appeared to be unconscious and slumped over. Officer Carbajal Salazar contacted the driver, who was subsequently identified as Anthony Valela, and the female passenger. Officer Carbajal Salazar directed Valela out of the vehicle. Officer Carbajal Salazar observed crystalline substances on the driver's seat and glass pipes used to smoke methamphetamine in the Defendant Mercedes. Officer Carbajal Salazar developed probable cause to arrest Valela for Driving Under the Influence – Physical Control, Seattle Municipal Code 11.56.020(B). During the interaction, Officers searched Valela and noticed a crystalline substance fall out of his front pants pocket. Officer Joseph Macniak collected one of the crystals, which he later field tested and received a positive result for methamphetamine.

21.    Officer Macniak, adhering to Seattle Police policy, began an inventory of valuables of the Defendant Mercedes prior to impounding it. Officer Macniak opened the front passenger door and located a gallon-sized clear bag containing what he believed was methamphetamine. Officer Macniak stopped his inventory, pending a search warrant. Officers impounded the Defendant Mercedes to the South Precinct secure lot prior to

Verified Complaint for Forfeiture *in Rem* - 5
*United States v. One 2022 Mercedes GLE Coupe, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  impounding it to the SPD Evidence Processing room. Officer Macniak applied for a

2  search warrant for the Defendant Mercedes.

3      22.     Officer Macniak obtained a search warrant for the Defendant Mercedes,

4  which officers executed at approximately 4:00 p.m. that day. Officers and narcotics

5  detectives searching the Defendant Mercedes located a large black plastic tub in its trunk.

6  Inside the tub, which did not have a lid, officers recovered approximately 17 pounds of

7  methamphetamine, 20,000 fentanyl pills, 458 grams of powdered fentanyl, 376 grams of

8  cocaine, and 30 grams of heroin. Agents utilized a TruNarc device to field test the seized

9  fentanyl, cocaine, and methamphetamine and received positive results for each respective

10  type of narcotic tested.

11      23.     The photograph below shows the Defendant Mercedes, parked in a secure

12  law enforcement facility:



25      24.     The photograph below shows the trunk area of the Defendant Mercedes.

26  The plastic tub of drugs is visible in the back right side of the trunk area:

27

Verified Complaint for Forfeiture *in Rem* - 6
*United States v. One 2022 Mercedes GLE Coupe, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19



20
21
     25.    The photograph below shows the plastic tub of drugs after it was removed from the trunk of the Defendant Mercedes:

22
23
24
25
26
27

Verified Complaint for Forfeiture *in Rem* - 7
*United States v. One 2022 Mercedes GLE Coupe, et al.*



26.    The photograph below shows the drugs, along with digital scales, removed from the Defendant Mercedes:



27. Although it is common for drug traffickers to use drugs, the quantities of drugs recovered from the Defendant Mercedes are not consistent with personal use and are consistent with distribution quantities of controlled substances.

28. While searching the rest of the Defendant Mercedes, officers located other indicia of drug trafficking, including but not limited to two cell phones, five digital scales, and a total of $17,721 in cash (the Defendant Currency). The Defendant Currency was located in multiple areas of the Defendant Mercedes, as illustrated by the following photographs:






UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

29.     The presence of the distribution-quantities of narcotics, cell phones, digital scales, and the Defendant Currency in the Defendant Mercedes reflects that Valela used the Defendant Mercedes to facilitate his drug trafficking.

30.     Drug traffickers frequently maintain items necessary for weighing, packaging, and cutting drugs for distribution. This paraphernalia often includes, but is not limited to, digital scales, such as those found in the Defendant Mercedes.

31.     Drug trafficking is commonly a cash business. Traffickers frequently receive payment for narcotics with cash and, sometimes, valuables such as gold jewelry. Traffickers often keep on hand amounts of United States currency in order to maintain and finance their ongoing narcotics business. Traffickers often keep cash and other valuables (to include the drugs themselves) in secure locations such as their residences and vehicles. It is common for drug traffickers to store bulk currency in rubber-banded bundles. The manner in which the cash in the glove compartment of the Defendant Mercedes was rubber-banded is consistent with this.

32.     Drug traffickers use cellular telephones as a tool or instrumentality in committing their criminal activity. They use them to maintain contact with their suppliers, distributors, and customers. They prefer cellular telephones because, first, they can be purchased without the location and personal information that land lines require. Second, they can be easily carried to permit the user maximum flexibility in meeting associates, avoiding police surveillance, and traveling to obtain or distribute drugs. Third, they can be passed between members of a drug conspiracy to allow substitution when one member leaves the area temporarily. It is common for drug traffickers to retain in their possession phones that they previously used, but have discontinued actively using, for their drug trafficking business.

33.     After the search of the Defendant Mercedes, SPD officers spoke with Valela, who admitted to knowing that narcotics and currency were in his vehicle (the Defendant Mercedes). When asked how he makes his money, Valela stated he did not

Verified Complaint for Forfeiture *in Rem* - 10
*United States v. One 2022 Mercedes GLE Coupe, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

have a job and makes his money from selling drugs. Valela also stated in substance that officers would find additional narcotics in his residence at 8226 125th PL NE, Kirkland, Washington ("the Kirkland Residence").

**C.      Search of Valela's Residence**

34.     On June 13, 2023, the Honorable Mary Alice Theiler, United States Magistrate Judge, authorized a search warrant for 8226 125th PL NE, Kirkland, Washington (the Kirkland Residence), which agents executed that same day. During this search, agents recovered a large quantity of narcotics. Specifically, agents located a kitchen cabinet above the dishwasher, which was where the bulk of the narcotics were stored. The narcotics were spread out on several empty shelves within the cabinet. Agents located a kilogram of fentanyl powder, approximately 117 grams in additional fentanyl powder, 182 grams of cocaine, approximately 1,000 fentanyl pills, weighing 132 grams, 51 grams of methamphetamine, several small baggies of unknown white powder, and a pill bottle containing suboxone sublingual strips and miscellaneous pills. Agents located an additional 211 grams of methamphetamine and 45 grams of ketamine from the residence. Agents utilized a TruNarc device to field test the seized narcotics. Agents received positive results for all of the respective narcotics recovered from the search warrant.

35.     The quantities of controlled substances found in the Kirkland Residence are not consistent with personal use. Rather, these quantities are consistent with distribution quantities of controlled substances.

36.     During the search of the Kirkland Residence, agents located a large amount of mail addressed to Anthony Valela at 8226 125th PL NE, Kirkland, WA. Agents also located paperwork showing that Valela purchased the Defendant Mercedes from a Mercedes-Benz dealership in Washington (the "Mercedes-Benz Dealership"), on or about August 26, 2022. Investigators also located a DOL registration certificate for the

Verified Complaint for Forfeiture *in Rem* - 11
*United States v. One 2022 Mercedes GLE Coupe, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant Mercedes, with an issue date of September 14, 2022, which showed Valela was the registered owner of the Defendant Mercedes.

**D.    Additional Records Checks**

37.    As records obtained from the Washington State Employment Security Department (ESD) reflect, no employers reported any wages for Valela from January 1, 2022, through June 30, 2023, to ESD.

38.    According to records from Wells Fargo Bank, for the time period of June 15, 2022, through July 10, 2023, Valela deposited approximately $91,207 in cash into his Wells Fargo bank account, account number ending 9349.

39.    As records obtained from the Mercedes-Benz Dealership reflect, on or about August 26, 2022, Valela purchased the Defendant Mercedes from the Mercedes-Benz Dealership, for a price of $159,613.44. Valela paid for the Defendant Mercedes by trading in his 2021 Mercedes-Benz E-Class vehicle, which was valued at $98,000 for purposes of the trade-in, and by paying $61,013.44 in cash.

40.    The United States alleges that this $61,013.44 that Valela paid to the Mercedes-Benz Dealership represented cash drug proceeds of drug sales by Valela.

## VI.    PROCEDURAL STATUS

41.    On June 15, 2023, Valela was charged by Complaint with Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. § 841(a). On June 28, 2023, a grand jury returned an Indictment charging Valela with Possession of Controlled Substances with Intent to Distribute, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C) and 18 U.S.C. § 2. *See United States v. Anthony Valela*, CR23-106-RSL, Dkt. Nos. 1, 12.

42.    On July 25, 2023, the United States filed a Forfeiture Bill of Particulars providing notice that it would pursue forfeiture of any property constituting or traceable to proceeds of the offense charged in Count 1 of the *Valela*, or any property that

Verified Complaint for Forfeiture *in Rem* - 12
*United States v. One 2022 Mercedes GLE Coupe, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   facilitated that offense, pursuant to 21 U.S.C. § 853, including the Defendant Mercedes.
2   *See* CR23-106-RSL, Dkt. No. 21.

3       43.     On July 25, 2023, the United States moved pursuant to 21 U.S.C.
4   § 853(e)(1)(A) for entry of a protective order restraining the Defendant Mercedes
5   pending resolution of the criminal case. *See* CR23-106-RSL, Dkt. No. 22. On August 7,
6   2023, the Court granted the United States' motion and entered the requested Protective
7   Order. *See* Dkt. No. 29.

8       44.     The FBI initiated administrative forfeiture proceedings against the
9   Defendant Property and against gold and silver jewelry seized from Valela at the time of
10  his arrest (the "Jewelry"), on the grounds that this property constitutes or is traceable to
11  proceeds of, or was facilitating property for, the offense of distribution of controlled
12  substances, pursuant to 21 U.S.C. § 881. As required by 18 U.S.C. § 983(a)(1)(A)(i), FBI
13  sent written notice on or about July 31, 2023 (as to the Defendant Property) and on or
14  about August 3, 2023 (as to the Jewelry) to potentially interested parties. Valela's
15  attorney submitted a claim to the Defendant Property and the Jewelry. FBI received this
16  claim on August 29, 2023, and referred it to the United States for adjudication in judicial
17  forfeiture proceedings.

18      45.     Pursuant to 18 U.S.C. § 983(a)(3)(A)-(C), the United States has 90 days
19  from the date the FBI received the claim to allege forfeiture in an indictment or to file a
20  civil forfeiture case. The Court may extend this deadline upon agreement of the parties,
21  pursuant to 18 U.S.C. § 983(a)(3)(A).

22      46.     In this case, the United States and Valela agreed to extend this 90-day
23  deadline with respect to Valela's claim to the Defendant Currency and to the Jewelry, and
24  moved the Court for extensions on four occasions. *See In the Matter of the Seizure, by the*
25  *Federal Bureau of Investigation, of the Property Listed in Attachment A*, case no. MC23-
26
27

Verified Complaint for Forfeiture *in Rem* - 13
*United States v. One 2022 Mercedes GLE Coupe, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

0082-LK. The current deadline for filing a civil forfeiture complaint with respect to the Defendant Currency is November 21, 2024.[1] *See* MC23-0082-LK, Dkt. No. 10.

47.     On September 16, 2024, U.S. Probation and Pretrial Services filed a Notice of Death due to Valela's untimely passing. *See* CR23-106-RSL, Dkt. No. 73.

48.     Actions upon penal statutes do not survive the death of the defendant. *See United States v. $84,740.00 Currency*, 981 F.2d 1110, 1113 (9th Cir. 1992). However, the abatement doctrine does not apply to civil forfeiture proceedings. *Id.*

## VII.   CLAIM FOR RELIEF

49.     As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial. More specifically, there is probable cause to believe that the Defendant Property is forfeitable pursuant to 21 U.S.C. § 881(a)(6) as proceeds of drug sales; that the Defendant Mercedes is forfeitable pursuant to 21 U.S.C. § 881(a)(4) as a conveyance used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances; and that the Defendant Mercedes is also forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in a violation of 18 U.S.C. § 1957.

WHEREFORE, the United States respectfully requests:

1.      A warrant be issued for the arrest of the Defendant Property;

2.      Due notice be given to all interested parties to appear and show cause why the Defendant Property should not be forfeited;

3.      Judgment be entered declaring the Defendant Property and any interest to be condemned and forfeited to the United States for disposition according to law; and,

//

---

[1] The United States has requested the FBI to release the Jewelry to his attorney and/or surviving family.

Verified Complaint for Forfeiture *in Rem* - 14
*United States v. One 2022 Mercedes GLE Coupe, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4.      The United States be granted such other and further relief as this Court may

deem just and proper.

DATED this 21st day of October, 2024.


                              Respectfully submitted,

                              TESSA M. GORMAN
                              United States Attorney


                              *s/Karyn S. Johnson*
                              KARYN S. JOHNSON
                              Assistant United States Attorney
                              United States Attorney's Office
                              700 Stewart Street, Suite 5220
                              Seattle, WA  98101
                              Phone: 206-553-2462
                              Fax: 206-553-6934
                              Karyn.S.Johnson@usdoj.gov

Verified Complaint for Forfeiture *in Rem* - 15
*United States v. One 2022 Mercedes GLE Coupe, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## **VERIFICATION**

I, Stephen Knapp, a Task Force Officer with the Federal Bureau of Investigation (FBI), being first duly sworn, upon oath, depose and state the following:

I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

I have worked for the Seattle Police Department for 15 years. I have been assigned to the Pro-Active Narcotics Unit as a Detective since September 2015. In September 2021, I was assigned as a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI). I am currently assigned to the violent crime, gang, and transnational organized crime squad in the Seattle, Washington Division.

When I was hired by the Seattle Police Department in 2007, I attended the Washington State Criminal Justice Training Academy. After graduating, I was assigned to several precincts before finally being assigned to the Seattle Police Department's South Precinct where I worked uniformed patrol. In September of 2012 I was assigned to the South Precinct Anti-Crime Team where I investigated various street level crimes including property crimes, violent crimes, and narcotics crimes. I have completed an 80-hour Undercover Police course given by the Washington State Criminal Justice Commission and an 80-hour Anti-Crime Team training given by the Seattle Police Department pertaining to the service of dynamic narcotics search warrants.

In September of 2015, I was assigned to the SPD Narcotics Unit. I have been involved in thousands of narcotics operations as either primary or assisting detective. I am highly trained in all aspects of the investigation of narcotics trafficking crimes. I have received training including, but not limited to, drug identification, drug interdiction, drug trafficking, drug smuggling, and money laundering techniques. I am well versed on individuals and/or organizations who are involved in the illegal possession, possession

Verified Complaint for Forfeiture *in Rem* - 16
*United States v. One 2022 Mercedes GLE Coupe, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  for sale, sales, importation, smuggling, manufacturing, and trafficking of controlled

2  substances. I have seized or participated in the seizure of hundreds of pounds of

3  narcotics. I am familiar with the various trends, materials, tools, methods, and

4  paraphernalia used by traffickers in the import, concealment, and distribution of

5  narcotics.

6  I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746,

7  that I have read the foregoing Verified Complaint for Forfeiture *In Rem*, that I know its

8  contents, and that the facts it contains are true and correct to the best of my knowledge.

9

10  Executed this 17ᵗʰ day of October , 2024.

11

12

13

14  STEPHEN KNAPP
    Task Force Officer, Special Agent

15  Federal Bureau of Investigation

16

17

18

19

20

21

22

23

24

25

26

27

Verified Complaint for Forfeiture *in Rem* - 17
*United States v. One 2022 Mercedes GLE Coupe, et al.*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970